1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-5572 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| JEFFREY DAHMER, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against

Jeffrey Dahmer, Charles Manson and "Dr. Blood's Orgy of Organs Mansfield Ohio."

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §

1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2).  Pro se pleadings

must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. See

West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

the complaint's factual allegations and dismiss as frivolous those claims whose factual

G:\PRO-SE\MJJ\CR.07\riches18.dsm.wpd

**United States District Court**
For the Northern District of California

1   contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

2   Examples are claims describing fantastic or delusional scenarios with which federal district

3   judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the

4   veil of the complaint's factual allegations means that a court is not bound, as it usually is

5   when making a determination based solely on the pleadings, to accept without question the

6   truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual

7   frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

8   wholly incredible, whether or not there are judicially noticeable facts available to contradict

9   them.  See id. at 32-33.

10       Plaintiff alleges defendants are in "a vast conspiracy with Halloween officials and

11  trick or treaters" to take his blood and organs and "feast on them."  He alleges Charles

12  Manson "wants to eat my liver for his last meal," and that "Dr. Blood's Orgy of Organs in

13  Mansfield Ohio is a company hired by the Jeff Dahmer estate" to come to plaintiff's prison

14  and steal his organs.  Plaintiff seeks an order from this Court "to stop the theft of my organs

15  and to suspend Dr. Blood's cadaver licence."  As plaintiff's allegations are clearly baseless,

16  irrational or wholly incredible, the complaint will be dismissed as frivolous under sections

17  1915A and 1915(e)(2).

18       For the foregoing reasons, this action is DISMISSED.

19       The Clerk shall close the file.

20       IT IS SO ORDERED.

21  DATED:   11/28/07                                 _____
                                                      MARTIN J. JENKINS
22                                                    United States District Judge

23

24

25

26

27

28

G:\PRO-SE\MJJ\CR.07\riches18.dsm.wpd          2